

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00121-CV

Lanesha **GARDNER**,
Appellant

v.

**ALAMO ESTATES**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-02677
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice

Delivered and Filed: May 13, 2026

DISMISSED FOR LACK OF JURISDICTION

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.). Generally, a party's notice of appeal must be filed within thirty days after a judgment is signed. *See* TEX. R. APP. P. 26.1. However, if any party timely files a motion for new trial, a motion to modify judgment, a motion to reinstate under Rule 165a of the Texas Rules of Civil

Procedure, or a proper request for findings of fact and conclusions of law, the notice of appeal must be filed within ninety days after a judgment is signed. *See id.* 26.1(a).

Appellant attempts to appeal the trial court's final judgment awarding possession of real property to the appellee in the underlying forcible detainer action. The trial court signed the final judgment on May 8, 2025. Because appellant did not file a motion for new trial, motion to modify judgment, motion for reinstatement, or request for findings of fact and conclusions of law, the notice of appeal was due to be filed on June 9, 2025. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due on June 24, 2025. *See* TEX. R. APP. P. 26.3. However, appellant did not file her notice of appeal until February 12, 2026, and she did not file a motion for extension of time.

On March 4, 2026, we advised appellant that it appeared her notice of appeal was not timely filed, and we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). To date, appellant has not responded to our order. Accordingly, we dismiss this appeal for lack of jurisdiction. *See Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) ("[A]bsent a timely filed notice of appeal, we must dismiss the appeal." (citing *Verburgt*, 959 S.W.2d at 617)); TEX. R. APP. P. 26.1; TEX. R. APP. P. 42.3(a).

PER CURIAM